UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08CV00087-J

GARY G. MUSICK                                                                           PLAINTIFF

VS.

MICHAEL J. ASTRUE,
          Commissioner of Social Security                                   DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Gary G. Musick  ("Plaintiff" or "Claimant") seeking

judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g).

After examining the administrative record ("Tr."), the arguments of the parties, and the applicable

authorities, the Court is of the opinion that the decision of the defendant Commissioner should be

affirmed.

## PROCEDURAL HISTORY

On December 15, 2005, Claimant filed application for disability insurance benefits , alleging

that he became disabled as of November 15, 2005.  After a hearing, Administrative Law Judge

Kimberlin ("ALJ") determined that Mr. Musick's history of excision of left knee cyst with a left

patellofemoral chondrosis and mild degenerative disc disease were severe impairments, but that they

did not prevent him from performing his past relevant work as a supervisor budget analyst.  This

became the final decision of the Defendant when the Appeals Council denied review on December

12, 2007.

## STANDARD OF REVIEW

It is important for the plaintiff, who is proceeding without benefit of counsel, to understand

that this is an *appellate* proceeding.  That means that this Court is not simply looking at the evidence

and making its own decision.  Instead, this Court must determine (1) whether the ALJ followed the applicable legal rules, and (2) whether the evidence of record (as it existed at the time of the decision) supports the factual determinations of the ALJ.  Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003).  In making this second determination, it is irrelevant that this Court might have made a different decision on the same evidence; all that we are allowed to look at is whether "substantial evidence" supports the decision the ALJ made.   "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion.  NLRB v. Columbian Enameling and Stamping Co., 306 U.S.  292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988).

If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

The disability determination process consists of five steps.  Wyatt v. Secretary, 974 F.2d 680 (6th Cir. 1992).  These steps are approached sequentially, and a finding at any step that is adverse to the claimant terminates the process:

1.  The claimant must not be engaged in substantial gainful activity.

2.  The alleged disabling impairment must be "severe," meaning that it significantly limits the individual's ability to do basic work activities necessary for most jobs, such as walking, standing, sitting, lifting, seeing, hearing and speaking.  20 CFR Section 416.921.

3.  If the claimant has a medical condition that meets or exceeds the impairments listed in Appendix 1 of 20 CFR Part 404, Subpart P of the regulations (often referred to as "the Listings"), the evaluation terminates and the claimant is conclusively presumed to be disabled.  Lankford v. Sullivan, 942 F.2d 301 (6th Cir. 1991).

4.  The claimant must be unable to do his or her past relevant work.

5.  If the claimant shows inability to do the past relevant work, the Commissioner must come forward with evidence to show that the claimant can still perform a significant number of jobs.  <u>Born v. Secretary</u>, 923 F.2d 1168 (6th Cir. 1990).  However, the burden of establishing disability always rests with the claimant.  <u>Key v. Callahan</u>, 109 F.3d 270 (6th Cir. 1997), <u>Tyra v. Secretary</u>, 896 F.2d 1024 (6th Cir. 1990).

The substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." <u>Mullen v. Bowen</u>, 800 F.2d 535, 545 (6 th Cir.1986).  Significantly, under this standard, this Court is *not* to resolve conflicts in evidence and may *not* decide questions of credibility. See <u>Garner v. Heckler</u>, 745 F.2d 383, 387-88 (6th Cir.1984).

<u>ARGUMENTS ON THIS APPEAL</u>

Before undertaking a review of this case, the Court must address Mr. Musick's request for "review of additional evidence added to the record (exhibit ac-1) by the appeals council."  As we have noted herein and in a previous order in this case, this Court is prohibited from considering as part of the evidence as a whole any material that was not before the ALJ.  <u>Cotton v. Sullivan</u>, 2 F.3d 692 (6th Cir. 1993).  Evidence submitted to the Appeals Council after the ALJ's decision cannot be considered part of the record for purposes of substantial evidence review. <u>Cline v. Comm'r of Social Security</u>, 96 F.3d 146, 148 (6th Cir.1996) ("[W]here the Appeals Council considers new evidence but declines to review a claimant's application for disability insurance benefits on the merits, the district court cannot consider that new evidence in deciding whether to uphold, modify, or reverse

the ALJ's decision."). "The district court can, however, remand the case for further administrative proceedings in light of the evidence, if a claimant shows that the evidence is new and material, and that there was good cause for not presenting it in the prior proceeding." Id.

New evidence is material when the movant shows a reasonable possibility that the evidence would have changed the outcome of the ALJ's decision. See Sizemore v. Sec'y of Health & Human Servs., 865 F.2d 709, 711 (6th Cir.1988).   The burden of showing that a remand is appropriate is on the claimant. Oliver v. Sec'y of Health & Human Servs., 804 F.2d 964, 966 (6th Cir.1986).  The evidence regarding an anxiety disorder shows no reasonable possibility of having changed the outcome, because it does not indicate any functional impairment whatsoever.  Thus, the evidence is not "material" within the meaning of the remand test.  The request for review of that evidence must be denied.

Mr. Musick argues that he received an "unjust evaluation of the evidence."  He appears to contend that his impairments should have been described as "1) middle high grade femoral trochlear chondromalacia with partial to near full thickness cartilage loss and 2) mild to moderate multilevel degenerative disc disease with mild to moderate spinal stenosis along with mild, moderate and severe neuro foraminal narrowing." Plaintiff's brief at 1-2.  As the ALJ plainly identified the  knee problem and the degenerative disc disease as severe impairments, the question is whether he ALJ properly evaluated the functional limitations imposed by these impairments.  That issue is discussed in detail below.

Mr. Musick objects to the ALJ's statement concerning the plaintiff's "excellent response to treatments," contending that any good response occurred at a time when his problems were still intermittent, before the date of onset of full disability.  The "excellent response" statement appears

at the beginning of the section of the opinion in which the ALJ discussed the overall course of treatment of Mr. Musick's knee and back. Tr. 15. The ALJ referenced a September 19, 2005 report from Dr. Stern, who had prescribed medication and exercises for the knee difficulties:

> Has not taken his medicine faithfully, but he also doesn't feel like he needs it most days. Took it for a full month with good results. When he ran out, only had to take it one more time for about 2 or 3 doses when he had a slight flare and this worked well once again. Is not doing his quad set very faithfully, but does take OsteoBiflex 1500 mg a day.

Tr. 116. This visit was the follow-up to Mr. Musick's first consultation with Dr. Stern. At that first visit (June 15, 2005), Mr. Musick reported that the pain in his left knee varied between six and eight on the ten point pain scale, and that he was sometimes unable to bear weight on that leg. Tr. 117. Dr. Stern prescribed Arthrotec as well as the quadriceps strengthening exercises. Tr. 119.

Plaintiff complains that his need to use a cane to get around was not mentioned. Dr. Barefoot noted that Mr. Musick uses a cane, but noted as well that he was able to ambulate without the use of his cane. Tr. 189. Mr. Musick is unable to point to any medical record indicating that a cane has been prescribed or indicating that he cannot walk without it.

He objects to the functional capacities contained in Dr. Barefoot's consultive opinion, abilities which Mr. Musick assumes were based on his own "guestimates." However, Dr. Barefoot's report shows a complete history, chart review and physical examination. While noting that plaintiff was "poorly able to squat," Dr. Barefoot recorded full range of motion, normal motor strength, and no joint redness, warmth or edema. Tr. 188-189. Based not merely on what Mr. Musick "guestimated," but on the results of the clinical examination and records review, Dr. Barefoot opined that plaintiff could lift and carry twenty-five pounds occasionally and twenty pounds frequently; could stand and/or walk at least two hours in an eight hour workday, but needed to periodically

5

alternate sitting  and standing to relieve pain or discomfort; and could only occasionally climb, balance, kneel, crouch, crawl or stoop.  Tr. 191-192.

Mr. Musick does not point to any medical opinion that contradicts Dr. Barefoot's assessment. Instead, he points to his own testimony.  This brings us to plaintiff's primary objection, which is that the ALJ's credibility evaluation was improper.  A judge's credibility evaluation is not a matter of deciding whether a witness has committed "perjury" or has otherwise intentionally lied, but simply a matter of determining the extent to which a witness's testimony can be relied upon to prove a fact. A witness's credibility may be diminished because of lack of memory, because of failure to fully understand the question, because of differences in the perceived meaning of evaluative terminology, or for any number of other completely innocent reasons.

Social Security Ruling 96-7p provides instruction on credibility evaluation as follows:

> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements.  In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true.  When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

20 C.F.R. § 404.1529©) describes the kinds of evidence, including the factors below, that the adjudicator is to consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

1)    Daily activities;

2)    The location, duration, frequency, and intensity of pain or other symptoms;
3)    Precipitating and aggravating factors;

4)    The type, dosage, effectiveness, and side effects of any medication taken to alleviate

your pain or other symptoms;

5)     Treatment, other than medication,  received for relief of pain or other symptoms;

6)     Any measures used to relieve pain or other symptoms (e.g., lying flat on the back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and

7)     Other factors concerning functional limitations and restrictions due to pain or other symptoms.

A significant consideration in the evaluation of pain is the credibility of the claimant, given that tolerance of pain is very much an individual matter. Villareal v. Secretary, 818 F.2d 461, 463 (6th Cir. 1987).  "Determination of credibility related to subjective complaints of pain rests with the ALJ and the ALJ's opportunity to observe the demeanor of the claimant ... is invaluable and should not be discarded lightly." Gaffney v. Bowen, 825 F.2d 98, 101 (6th Cir. 1987).  "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is *charged with the duty of observing a witness's demeanor and credibility*." Walters v. Commissioner, 127 F.3d 525, 531 (6th Cir. 1997) [emphasis added] .

An "ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir. 1990).  Stated another way, "discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." Walters v. Commissioner, 127 F.3d 525, 532 (6th Cir. 1997).

Nonetheless, the ALJ's credibility assessment must be supported by substantial evidence. Walters v. Commissioner, 127 F.3d 525 (6th Cir. 1997).  Furthermore, if the ALJ rejects the claimant's testimony as not credible, he or she must state reasons for doing so. Auer v. Secretary,

830 F.2d 594, 595 (6th Cir. 1987).  In this case, the reasons stated by the ALJ for finding Mr. Musick's testimony not fully credible included the fact of his conservative treatment, the use of only non-narcotic pain reliever, and the absence of severe or pervasive complaints in the medical records. These reasons are supported by the record.  The undersigned might have evaluated the witness credibility differently, but that is of no moment: The sole questions are whether the ALJ followed the correct legal rules for conducting the evaluation and whether substantial evidence supports the determination.  Both of these questions must be answered affirmatively.

As there is no legal error and substantial evidence supports the decision, the Court must affirm.